IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AKEEM HARRIS, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:23-CV-843-S-BK |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Akeem Harris' motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 7. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous.

**I. PROCEDURAL HISTORY**

On April 21, 2023, Harris filed this *pro se* civil action against 45 Defendants, to-wit, the United States and 44 individuals and corporations, alleging that "Defendants participated in organized criminal activity" and violated the "Racketeer Influenced and Corrupt Organizations" Act ("RICO"). Doc. 3; Doc. 17 at 1-4 (*Am. Compl.*). His rambling amended complaint is, for the most part, also incoherent and nonsensical. In a lengthy diatribe of over 30 pages, he discusses a panoply of events, many personal, and alleges criminal law violations. By way of example, Harris asserts that "Defendants created a snowball effect of liability naturally creating a 'ring' of 'people' with common interest in supporting 'organized criminal activity' to destroy or

make void any victims that could hold the Defendants liable in the court of law." Doc. 17 at 4-5. He further states that he "is not aware of the level of involvement or the level of knowledge of each defendant; nor is [he] aware of every Defendant that should be party to this case." Doc. 17 at 5. Still, Harris goes on at length describing numerous instances of alleged stalking, harassment, trafficking, sexual exploitation of children, use of child soldiers, and monitoring of his personal information and "electronic data" (some allegedly through his "dental implant"). Doc. 17 at 16, 23, 28-33. The remainder of his amended complaint is as equally confusing, irrational, and baseless; thus, it warrants no further specific mention here.

With his amended complaint, Harris filed a *Motion to Stay Pending Discovery Via CID*, Doc. 19, (seeking a stay pending "a civil investigative demand (CID)" by the U.S. Attorney General under 18 U.S.C. § 1968), and a *Motion for Relief from Order Rule 60(b)*, Doc. 18, requesting reconsideration of the order denying his motion to seal the complaint.[1] By this action, Harris seeks the investigation and prosecution of all Defendants and monetary compensation for purported civil and criminal law violations. Doc. 17 at 36-37.

Upon review of the amended complaint, the Court concludes that Harris fails to present a cognizable claim and that his factual contentions are both delusional and legally deficient to support any claim he is seeking to assert. His complaint should therefore be dismissed as frivolous.[2]

---

[1] Harris contends that his complaint should be sealed because this is "a SPECIAL CASE that involves powerful multinational corporations, the UNITED STATES DEPARTMENT OF DEFENSE involved in prohibited activity under RICO sec 1962, adults/children victims of trafficking amongst a multitude of other civil and criminal acts." Doc. 18 at 1 (emphasis in original). He also claims "to be a victim [of] a 'RING'" and that "this is his only and last legal method of attempting to bring the perpetrators to justice." Doc. 18 at 1 (emphasis in original).

[2] Because for the reasons outlined here, the complaint should be dismissed, Harris' motions to stay and reconsider, Doc. 18; Doc. 19, will be terminated as moot by separate order.

## II.  ANALYSIS

Because Harris is proceeding *in forma pauperis*, the amended complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible."  *Id.* at 33.

The Court liberally construes Harris' filings with all possible deference due a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers).  Even under this most liberal construction, however, Harris' apparent claims are legally and factually frivolous.  Indeed, Harris fails to state a cognizable legal claim or anything that can be construed as such.

Insofar as Harris seeks to state a RICO claim, he fails to allege a "pattern of racketeering activity" or even the presence of a RICO enterprise.  *See Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (civil RICO claims under 18 U.S.C. § 1962 must allege the existence of three elements: "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise"); *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (a pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued

criminal activity). Moreover, while Harris accuses Defendants of engaging in loads of criminal activity, he does not allege or describe any harm caused him or anyone else by Defendants' purported behavior; and, in the same conclusory fashion, largely blames the government for a laundry lists of personal ills that have purportedly befallen him. At bottom, Harris' factual contentions are irrational and incredible and, thus, woefully inadequate to support any cognizable claim. *See Denton*, 504 U.S. at 33 ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them"); *see also Mills v. U.S. Gov't*, No. 3:11-CV-1428-L-BK, 2011 WL 3347919 (N.D. Tex. Jul. 13, 2011), *R. & R. accepted*, 2011 WL 3347906 (N.D. Tex. Jul. 29, 2011) (complaint dismissed as factually frivolous because it alleged unidentified individuals "use[d] technology," nationally and internationally, to watch, control, and commit crimes against the plaintiff).

Further, to the extent Harris intends to allege criminal law violations, they likewise lack legal basis. Doc. 17 at 36. Stated succinctly, criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Harris has pled nothing here that would even come close to meeting that burden. Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal

prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

In sum, Harris' complaint lacks legal and factual bases and should be dismissed with prejudice as frivolous.

### III.  LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  As discussed above, Harris' claims are fatally infirm.  Based on the most deferential review of his complaint, it is doubtful that, even if given the opportunity, he could allege cogent and viable legal claims.  Additionally, the Court has already permitted Plaintiff to amend the complaint in response to the Court's deficiency order.  Doc. 15; Doc. 17.  Because he nevertheless failed to cure the infirmities identified here, the Court concludes that he has already pled his best case and that granting further leave to amend would be futile and cause needless delay.

### IV.  CONCLUSION

For all these reasons, this action should be **DISMISSED WITH PREJUDICE** as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on July 31, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).